## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

OYOMA ASINOR & BRYAN DOZIER

               Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*

               Defendants.

No. 1:21-cv-02158 (APM)

### PLAINTIFFS' UNOPPOSED EMERGENCY MOTION FOR LEAVE TO CONDUCT LIMITED EARLY DISCOVERY AND TO SHORTEN THE TIME TO RESPOND

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiffs Oyoma Asinor and Bryan Dozier request leave to serve limited early discovery on Defendant District of Columbia to identify the Defendants who are listed in the Complaint as Jane Doe and John Does 3 and 4, as well as the supervisory officer(s) whose orders gave rise to several of the unlawful actions at issue in Plaintiffs' Complaint. Additionally, pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), Plaintiffs ask the Court to shorten the time for response to Plaintiffs' interrogatories and request for production such that Defendant must answer by August 27, 2021.

Last week, Plaintiffs conferred with Defendant District of Columbia on this motion and emailed defense counsel a copy of the discovery requests they seek leave to serve (attached as Exhibit A). In an August 23, 2021 email, counsel for the District of Columbia responded:

> The District will not oppose Plaintiffs' motion seeking responses by this Friday, August 27, to the discovery requests you provided me via email last week, subject to Plaintiffs' cooperation in obtaining an appropriate protective order for any documents MPD considers confidential and without waiving any objections to additional requests (i.e., any requests that have not been shared with us).

1

Plaintiffs informed the District that they agree to these terms; accordingly, the motion is unopposed.

This lawsuit arises from Metropolitan Police Department (MPD) officers' response to demonstrations on August 29 and 31, 2020 that Plaintiffs attended in their capacity as independent photojournalists. As explained in the Complaint, on August 29, Officer John Doe 3 unlawfully forced Plaintiff Dozier to run through chemical irritants and Officer John Doe 4 unlawfully deployed chemical irritants against Plaintiff Asinor. On August 31, 2021, around 12 a.m., officers deployed stun grenades and chemical irritant against Mr. Asinor without provocation, and Officer Jane Doe arrested Plaintiff Asinor without probable cause. To identify the officers involved in these actions, Plaintiffs seek to propound the following narrow discovery requests:

1. Two interrogatories asking the District to review photographs of the officers Plaintiffs referred to as John Doe 3 and 4 in the Complaint and to name the officers so identified in the photographs;

2. An interrogatory asking the District to name the supervisor(s) who declared the August 31 demonstration a riot, and thereby bear(s) responsibility for the use of irritants and stun grenades against Mr. Asinor;

3. An interrogatory asking the District to name the supervisor(s) who ordered other officers to encircle and arrest demonstrators and journalists, including Mr. Asinor, at 16th Street NW and I Streets, NW, on August 31, 2020, and thereby bear(s) responsibility for Plaintiff Asinor's arrest; and

4. One request for production asking the District to produce police reports associated with Mr. Asinor's arrest to allow Mr. Asinor to learn the name of Officer "Jane Doe," the specific officer who arrested him.

These non-burdensome early discovery requests are essential to several of Plaintiffs' claims. Specifically, their assault and battery claims against Officers John Doe 3 and 4 have one-year statutes of limitations, meaning that they expire on August 29, 2021. Likewise, Plaintiff Asinor's assault and battery claims against the officers responsible for the use of stun grenades and chemical irritants against him on August 31, 2020, as well as his false arrest and false imprisonment claims for the arrest that occurred that night, expire on August 31, 2021. Thus, while Plaintiffs' very narrow requests will impose minimal hardship on the District, Plaintiffs will suffer serious hardship if they are unable to receive the information they seek on an expedited basis. The Court should therefore grant this motion.

## FACTS

The complaint in this case alleges that on August 29, 2020, Plaintiffs Asinor and Dozier attended a protest in their capacities as independent photojournalists, and, at around 11 p.m., began covering the demonstrators near Black Lives Matter Plaza, an area close to 16th Street NW and H Street NW in Washington, D.C. Compl. ¶¶ 23–24, ECF 1. Shortly after Plaintiffs arrived, two officers, without provocation, deployed chemical irritants on H Street between 16th Street and Vermont Avenue, even though, just weeks earlier, the D.C. Council had prohibited MPD officers from using such weapons to disrupt First Amendment Assemblies, such as the one ongoing at the time. Compl. ¶¶ 13, 37, 40. As Mr. Dozier and other demonstrators ran east on H Street away from the irritants, Officer John Doe 3 grabbed Mr. Dozier, lifted him off the ground, and pushed him back near the cloud of irritants, leaving him with no route of escape other than west down H Street, through the irritants. Compl. ¶ 45. Mr. Asinor was also hit with irritants when Officer John Doe 4, without justification, sprayed liquid chemical irritants near the intersection of 16th Street and H Street. Compl. ¶¶ 53, 57. Around the same time, another officer deployed at least six stun grenades

3

in close succession—another tactic the D.C. Council had barred officers from using to disperse First Amendment Assemblies—terrifying Plaintiffs and causing them to fear that they were about to be attacked. Compl. ¶¶ 13, 15, 16, 59–61, 64.

Around 12 a.m. on August 31, Mr. Asinor returned to the Black Lives Matter Plaza area to cover another demonstration against racism and violence in policing. Compl. ¶ 67. Once again, officers unnecessarily and unlawfully deployed chemical irritants and smoke grenades against protestors and journalists. Compl. ¶¶ 67–91. Mr. Asinor did not break any laws on August 31 and, other than witnessing a few water bottles thrown toward officers by demonstrators, Mr. Asinor did not see anyone engage in any activity that could be construed as violent or unlawful that night either. Compl. ¶ 99. Nonetheless, as Mr. Asinor attempted to escape from the officers' chemical irritants, Officer Jane Doe forced him to the ground, handcuffed him, and arrested him. Compl. ¶¶ 92–93; 96–99. MPD officers confiscated Mr. Asinor's property and held him overnight. Compl. ¶¶ 100–02. About seventeen hours later, officers released Mr. Asinor and, although they informed Mr. Asinor that he would not face charges, the officers refused to return his cell phone, camera, or goggles, retaining the property for over eleven months after the arrest despite his multiple requests for the items' return. Compl. ¶¶ 102–06.

On August 13, 2021, Plaintiffs filed this lawsuit to recover damages for the searing pain and ongoing emotional distress caused by the officers' unlawful use of chemical irritants and stun grenades. Mr. Asinor also sought damages for the unlawful arrest, and prolonged, unjustified deprivation of his access to property. The Complaint pleads claims for, among other things, assault and battery against Officers John Doe 3 and 4 for causing Plaintiffs to be harmed by chemical irritants, and a false arrest/false imprisonment claim against Officer Jane Doe for her arrest of Mr. Asinor. Compl. ¶¶ 146–55; 159–62. These claims all have one-year statutes of limitations. D.C.

Code § 12-301(4) (establishing one-year statute of limitations for assault, battery, false arrest, and false imprisonment). Thus, the claims against Officers Doe 3 and 4 for their conduct on August 29, 2020 expires on August 29, 2021. And the claims against Officer Jane Doe for her arrest on August 31, 2020 expires on August 31, 2021.

Plaintiffs do not know the names of the individual officers who caused their injuries. Accordingly, Plaintiffs file this motion to fill this gap and acquire the information necessary to identify the officers who harmed them and name them in an amended complaint before the statute of limitations expires.

## ARGUMENT

### I.     The Court Should Grant Limited Early Discovery Because Plaintiffs' Requests Satisfy the Relevance and Proportionality Standard.

Federal Rule of Civil Procedure 26(d)(1) permits parties to seek discovery prior to the conferral required by Rule 26(f) upon court order. Courts in this jurisdiction have routinely issued such orders when a plaintiff seeks early discovery to identify and serve a defendant whose conduct is known but whose name is not. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1210 (D.C. Cir. 2020) ("It is well established that plaintiffs are permitted to proceed against John Doe Defendants so long as discovery can be expected to uncover the defendant's identity."); *Malibu Media, LLC v. Doe*, 177 F. Supp. 3d 554, 557 (D.D.C. 2016) (permitting early discovery where plaintiff sought records necessary to identify and prosecute claims against Doe defendants; *LeFace Records LLC v. Does*, 2008 WL 4517178, at *1 (D.D.C. Oct. 6, 2008) (same).

A party is entitled to early discovery when the discovery requests satisfy Rule 26(b)(1)'s relevance and proportionality standard, the same test applicable to all discovery. *See Goodwin v. District of Columbia,* 2021 WL 1978795, at *3 n.1 (D.D.C. May 18, 2021). Although courts in this jurisdiction previously used a "good cause" standard in deciding motions for early discovery,

*see, e.g., Dunlap v. Pres. Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 104 (D.D.C. 2018), in 2015, the Advisory Committee amended Rule 26 to strike the "good cause" standard that existed for court-ordered discovery, and, in light of this development, the D.C. Circuit concluded that the Advisory Committee had "replaced" the good cause test with the "overarching relevance and proportionality standard." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 n.2 (D.C. Cir. 2020). Every published early discovery decision from this Court that has considered the D.C. Circuit's recent guidance in *Strike 3 Holdings* has applied Rule 26(b)(1)'s relevance and proportionality standard instead of the good cause one. *See Strike 3 Holdings, LLC v. Doe*, 2021 WL 3128872, at *2 (D.D.C. July 23, 2021); *Goodwin v. District of Columbia,* 2021 WL 1978795, at *3 n.1; *Strike 3 Holdings, LLC v. Doe*, 2021 WL 3021459, at *2 (D.D.C. July 16, 2021).

Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering [1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiffs' requests are clearly relevant. Knowing the identities of the individuals responsible for their injuries is "necessary . . . to begin litigating." *Strike 3 Holdings*, 964 F.3d at 1210. As in *Goodwin*, where this Court ordered early discovery to allow plaintiffs to identify officers accused of using excessive force at a protest, the proposed requests here are "realistically tethered to uncovering the identifies of the doe MPD Officers on the scene at the locations where plaintiffs claim they suffered injury." 2021 WL 1978795, at *5. As such, they are relevant.

Plaintiffs' limited early discovery requests are also proportional to the needs of the case. This lawsuit concerns the ability of journalists to cover protests without facing unprovoked

violence by the police, plainly an important issue. *See Strike 3 Holdings, LLC*, 2021 WL 3128872, at *4 (D.D.C. July 23, 2021) (observing that cases relating to "free speech . . . typically are considered to implicate important issues" under Rule 26(b)(1) (citing Fed. R. Civ. P. 26 advisory committee's note)). The information Plaintiffs seek is central to their ability to resolve the issues they raise, because without that information, several of Plaintiffs' claims against individual officers cannot go forward. Yet Plaintiffs are extremely limited in their ability to identify Defendants Jane Doe and John Doe 3 and 4, or the supervisor(s) who ordered Mr. Asinor's arrest and the use of weaponry against him without the District's help.

As demonstrated by the District's decision not to oppose this motion, the District, can easily supply the information Plaintiffs need. The interrogatories request only that D.C. officials identify two officers whom they employ based on photographs of them taken at the scene, and the supervisor (or supervisors) who ordered the use of chemical munitions and authorized Plaintiff Asinor's arrest. Likewise, Plaintiffs' document request simply requires the District to pull police reports related to a single, defined incident. Satisfying these requests will impose a minimal burden on the District but is crucial to Plaintiffs' ability to prosecute several of their claims.

Because Plaintiffs' requests are narrowly tailored to acquiring essential information in a way that imposes little burden on the District, they satisfy the relevance and proportionality test.[1]

## II.     Shortening the Time for Defendants To Respond to Plaintiffs' Request Is a Proper Exercise of the Court's Discretion.

---

[1] Although the "good cause" test no longer governs early discovery motions, Plaintiffs' requests are justified under that framework as well. Factors the Court considered in applying that standard included whether a preliminary injunction was pending; the breadth of the discovery; the purpose for the discovery; the burden on the defendants to comply; and how far in advance of regular discovery the request was made. *See Dunlap*, 319 F. Supp. 3d at 104. Here, "the first factor is inapplicable because a motion for a preliminary injunction is not pending." *Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015). As for the remainder, the breadth of discovery is narrow, as Plaintiffs seek only four interrogatories and one request for production; the purpose of discovery is Plaintiffs' legitimate need to name defendants before the statute of limitations expires; the burden on defendants is so low that the District does not oppose the motion; and, though this request is made significantly in advance of ordinary discovery, that timing is understandable given the pressing statute of limitations deadline.

The Court can shorten a party's time to respond to interrogatories and requests for production pursuant to Rules 33(b)(2) and 34(b)(2)(A), respectively. Exercising that authority is appropriate here. Unlike the ordinary set of interrogatories and document requests, the ones Plaintiffs propose are limited in number (five total) and do not require digging through extensive records or devoting significant time to carefully wording responses. Plaintiffs have refrained from seeking the names of all Doe defendants listed in the Complaint and have worked carefully to limit the discovery requests to the greatest extent possible. Given the importance of the information to Plaintiff, and the minimal burden these requests impose on the District (again, demonstrated by the District's decision not to oppose), this motion satisfies the applicable legal standard.

## CONCLUSION

For the foregoing reasons, the Court should allow Plaintiff to serve the enclosed discovery requests and order Defendant District of Columbia to respond by August 27, 2021.

Respectfully submitted,

*/s/ Michael Perloff*
Michael Perloff (D.C. Bar No. 1601047)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
202-601-4278
mperloff@acludc.org

August 23, 2021                                     Counsel for Plaintiffs[*]

---

[*] Counsel wish to acknowledge the assistance of recent law school graduate and legal fellow Anna Burke as well as paralegal Elaine Stamp in the preparation of this filing.