UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OYOMA ASINOR & BRYAN DOZIER<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*<br><br>Defendants. | No. 1:21-cv-02158 (JMC) |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs respectfully seek leave to amend the complaint to add a Fifth Amendment claim, and to clarify and provide additional facts in support of Plaintiff Asinor's existing Fourth Amendment claim. Defendants take the position that, while they do not believe Plaintiffs' proposed amendments have merit, they recognize that courts generally grant motions for leave to amend, and therefore do not oppose the motion. Plaintiffs' motion for leave to amend, if granted, moots Defendants' pending motion to dismiss. *Baker v. D.C. Pub. Sch.*, 720 F. Supp. 2d 77, 83 n.4 (D.D.C. 2010) (denying pending motion to dismiss as moot based on grant of motion for leave to amend).

This case arises from the D.C. Metropolitan Police Department (MPD)'s response to two incidents. First, during the late-night hours of August 29, 2020 and into the early morning of August 30, 2020, MPD officers used chemical irritants and flash grenades to clear a peaceful protest, injuring Plaintiffs. ECF No. 10 (First Am. Compl.) ¶¶ 18–66. Second, as part of a mass arrests in response to another demonstration that began on the evening of August 30, 2020, MPD officers arrested Plaintiff Asinor, confiscated his cell phone and other property, and retained those

1

items for nearly eleven months, even though Mr. Asinor never faced criminal charges. *Id.* ¶¶ 67–88.

Plaintiffs filed their complaint on August 12, 2021 and, on August 28, 2021, amended the complaint to, among other things, add the true names of several officers previously identified as "John Does," and to add a Fourth Amendment claim and supporting facts challenging the District's policy, practice, or custom of holding cell phones of arrestees such as Mr. Asinor for longer than is reasonably necessary for any legitimate law enforcement purpose. Defendants subsequently moved for partial dismissal, but then agreed to extend Plaintiffs' deadline to respond so that Plaintiffs could move for leave to amend the complaint. *See* ECF No. 19 (Pl.'s Consent Mot. To Extend the Deadline To Respond to Defs.' Mot. To Dismiss).

Plaintiffs now propose two sets of substantive amendments. First, Plaintiffs seeks to add a Fifth Amendment claim on behalf of Mr. Asinor against Defendant District of Columbia alleging that the District violated Mr. Asinor's due process rights by failing to provide a process whereby individuals such as him, who have their cell phones seized after an arrest and are not charged with a crime, can seek the return of their cell phones. In their motion to dismiss, Defendants argue that Mr. Asinor errs in challenging the prolonged retention of his cell phone under the Fourth Amendment because the proper remedy is the Fifth Amendment. ECF No. 18 (Defs.' Partial Mot. To Dismiss) at 11–12. While Plaintiffs disagree with Defendants' assertions about the Fourth Amendment, they believe that the Fifth Amendment *also* provides a viable basis for relief. Second, Plaintiffs seek to amend Mr. Asinor's Fourth Amendment claim by clarifying their explanation of the constitutional violation and adding facts that further demonstrate the existence of a custom whereby the District retains arrestees' cell phones longer than reasonably necessary.

Rule 15(a)(2) permits a party to amend a complaint upon leave of court and provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2) thus mandates courts grant motions for leave to amend absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, justice requires granting leave. Plaintiffs have not sought leave to amend previously and, overall, only amended the complaint once, doing so as of right. *See* Fed. R. Civ. P. 15(a)(1). The amendments Plaintiffs seek to add now do not arise from bad faith or dilatoriness but instead a "good faith motive [of] seeking leave to amend [the] complaint in response to the defendant[s'] partial motion to dismiss." *Norris v. Salazar*, 746 F. Supp. 2d 1, 4 (D.D.C. 2010). Nor do the proposed amendments prejudice Defendants, who do not oppose this motion. Plaintiff has sought leave to amend early in the litigation process; the proposed changes do not significantly expand the scope of the litigation, as they all relate to the same circumstances as discussed in the amended complaint; and, with respect to the new Fifth Amendment claim, Plaintiffs seek only to add a remedy that Defendants suggested. Although Defendants have filed a motion to dismiss, "that fact alone is not sufficient to warrant denial of a motion to amend." *Bancroft Glob. Dev. v. Koskinen*, No. CV 17-0395 (RC), 2017 WL 11579467, at *2 (D.D.C. Oct. 27, 2017); *see also Norris*, 746 F. Supp. 2d at 4 (granting plaintiff leave to amend the complaint despite pendency of a motion to dismiss); *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 2012 WL 13060039, at *2 (D.D.C. June 11, 2012) (same).

Plaintiffs' proposed amendments ensure that they are "afforded an opportunity to test [their] claim[s] on the merits," *Foman*, 371 U.S. at 182, and do not prejudice Defendants. For these

3

reasons, Plaintiffs' motion for leave to amend should be granted and Defendants' motion to dismiss should be denied as moot.

| | |
|---|---|
| Date: November 19, 2021 | Respectfully submitted,<br>*/s/ Michael Perloff*<br>Michael Perloff (D.C. Bar No. 1601047)<br>Scott Michelman (D.C. Bar No. 1006945)<br>American Civil Liberties Union<br>Foundation of the District of Columbia<br>915 15th Street NW, Second Floor<br>Washington, D.C. 20005<br>(202) 457-0800<br>mperloff@acludc.org<br>*Counsel for Plaintiff* |