UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| OYOMA ASINOR et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 21-cv-02158 (APM) |
| DISTRICT OF COLUMBIA et al., | ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

**I.**

Plaintiffs Oyoma Asinor and Bryan Dozier are freelance photojournalists who documented racial justice protests during the summer of 2020 in Washington, D.C. On consecutive nights in late August, Plaintiffs had interactions with officers of the District of Columbia's Metropolitan Police Department ("MPD"). On August 29, 2020, MPD officers released munitions containing chemical irritants and deployed stun grenades in different areas of the protest site near Lafayette Park, harming both Plaintiffs. Second Am. Compl., ECF No. 24 [hereinafter SAC], ¶¶ 32–66.

The following evening, Asinor returned to the demonstration and was arrested alongside others. *Id.* ¶¶ 67–69. An MPD officer took "Asinor's property, including his camera, cell phone, and goggles." *Id.* ¶ 70. Despite the fact Asinor was soon released without charges, MPD officials refused to return his personal effects and "informed him they were being kept as evidence." *Id.* ¶¶ 71–72. Repeatedly over the next 11 months, Asinor unsuccessfully contacted both MPD and the United States Attorney's Office for the District of Columbia to ask for his property back. *Id.* ¶¶ 73–74. Finally, on August 3, 2021, MPD allowed him to collect his items. *Id.* ¶ 75.

Plaintiffs have filed a six-count complaint against the District of Columbia ("the District"), MPD officers Robert Glover and Shawn Caldwell, and three unknown MPD officers, John Does 1–3. Claims 1 and 2 allege violations of a 2020 amendment to the District's First Amended Assemblies Act, D.C. Act 23-336 § 121(b) ("FAAA Amendment Act"), against all Plaintiffs for MPD's use of chemical irritants and stun grenades against them and other protestors. Claim 3 is for assault and battery against the District and Officers Glover and Caldwell. Claims 4 through 6 are brought only by Asinor against the District arising out of the failure to return his cell phone and other property. Claims 4 and 5 are brought under 42 U.S.C. § 1983 for violations of the Fourth and Fifth Amendments, respectively. Claim 6 is for common-law conversion.

After filing, another judge of this District Court "designated [this matter] as a related case to *Cameron et al. v. District of Columbia*, 21-cv-2908." Minute Order, Dec. 9, 2021. *Cameron* was reassigned to this court. *See id.* The District and the named MPD officers then moved for partial dismissal, seeking to do away with all claims except for assault and battery and conversion. District Defs.' Partial Mot. to Dismiss the SAC, ECF No. 29 [hereinafter Defs.' Mot.]

**II.**

The *Cameron* litigation advanced Section 1983 claims similar to those asserted here: a violation of the Fourth Amendment for untimely return of property and a violation of the Fifth Amendment for the absence of an adequate process for a person arrested but not charged to timely recover property from MPD. The court dismissed those claims in *Cameron* for failure to state a claim. *See* Mem. Op., *Cameron v. District of Columbia*, No. 21-cv-2908, ECF No. 24 [hereinafter *Cameron* Mem. Op.]. The court adopts and incorporates its reasoning in *Cameron* as if fully set forth here and dismisses Claims 4 and 5 for failure to state a claim. [1]

---

[1] There is one notable factual distinction between this case and *Cameron*: in *Cameron,* Plaintiffs alleged that an MPD detective had advised them that the continued retention of their phones might be due to investigators still determining

### III.

Asinor's Section 1983 claims supply the sole grounds for this court's original subject matter jurisdiction in this case. SAC ¶ 4 (citing 28 U.S.C. §§ 1331, 1343). Jurisdiction for the remaining claims rests on the court's supplemental jurisdiction under 28 U.S.C. § 1367. Section 1367 grants district courts the discretion to decline to exercise supplemental jurisdiction where "the claim raises a novel or complex issue of State law," *id.* § 1367(c)(1), or "the district court has dismissed all claims over which it has original jurisdiction," *id.* § 1367(c)(3). Both conditions apply here.

The District's motion to dismiss Claim 1 asks the court to decide (1) whether the FAAA Amendment Act imposes sufficiently specific duties on MPD officers to give rise to a per se negligence claim and (2) whether the Act applies to individual MPD employees. Defs.' Mot. at 6–10. The motion as to Claim 2 requires the court to determine whether the FAAA Amendment Act contains a private right of action. *See id.* at 10–11. No District of Columbia court appears to have interpreted, let alone applied, the FAAA Amendment Act. Because "D.C. courts are better equipped to resolve the unsettled legal questions in this case," *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1266 (D.C. Cir. 1995), the court has "no choice" but to decline exercise of supplemental jurisdiction, *Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 418 (D.C. Cir. 2014) (so stating in the context of a failure to remand after original federal court jurisdiction had dropped out).

As for the common-law claims of assault and battery and conversion, as to which the District did not move, their dismissal is likewise warranted. In the absence of any federal question,

---

whether to secure search warrants. *See Cameron* Mem. Op. at 11–12. The court in *Cameron* assumed that such an allegation stated a valid Fourth Amendment violation, but nevertheless dismissed the Section 1983 claim brought solely against the District for failure to plead municipal liability. *See id.* at 12–14. Asinor in this case make no similar allegation that MPD retained his phone to possibly conduct a search.

those claims are better adjudicated in the local courts. *See Fin. Gen. Bankshares, Inc. v. Metzger*, 680 F.2d 768, 777–78 (D.C. Cir. 1982) (observing, prior to the enactment of § 1367, that "[i]f the federal claims have been resolved at an early stage in the litigation, leaving state claims to the state courts will not necessarily require a wasteful duplication of effort, and a state court will provide a more accurate, authoritative determination of the applicable law"); *see also Araya*, 775 F.3d at 417 (stating "that in the usual case in which all federal-law claims are dismissed before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims") (internal quotation marks and alterations omitted) (citing *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 424 (D.C. Cir. 2005)).[2]

## IV.

For the foregoing reasons, Defendant's Partial Motion to Dismiss the Second Amended Complaint, ECF No. 29, is granted. The court also sua sponte dismisses Claims 3 and 6. This action is therefore dismissed in its entirety. A final, appealable order accompanies this Memorandum Opinion.

Dated: August 29, 2022

Amit P. Mehta
United States District Court Judge

---

[2] Although the District did not formally move on behalf of the three John Doe officer plaintiffs, the claims against them are dismissed for the same jurisdictional reasons.