UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OYOMA ASINOR, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA, *et al.*,**<br><br>**Defendants.** | **No. 1:21-cv-02158-APM** |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant District of Columbia (the District) answers and asserts defenses to Plaintiffs' Second Amended Complaint [24] (Complaint) as follows. All claims against Defendants Robert Glover and Shawn Caldwell have been dismissed.

**DEFENSES**

The District asserts and preserves the following defenses based on information currently available. The District reserves the right to withdraw these defenses or assert additional defenses as further information becomes available.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The District denies all allegations of wrongdoing, including, but not limited to, violations of the Constitution, common law, statutory and operational standards, and negligence.

**THIRD DEFENSE**

The District acted, at all relevant times, consistent with all applicable laws, rules, regulations, constitutional provisions, and standards of care.

**FOURTH DEFENSE**

The doctrines of waiver, estoppel, unclean hands, and laches may equitably bar Plaintiffs from seeking some or all the relief sought in the Amended Complaint.

**FIFTH DEFENSE**

The District, its agents, servants, and employees, acting within the course and scope of their employment, if any, performed all obligations, if any, toward Plaintiffs in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

**SIXTH DEFENSE**

Plaintiffs are not entitled to any declaratory or equitable relief, as requested in the Complaint, because the District has not violated any statutory or constitutional rights.

**SEVENTH DEFENSE**

Attorney's fees and costs are not recoverable against the District in this case.

**EIGHTH DEFENSE**

If Plaintiffs were injured or damaged as alleged in the Complaint, such injuries or damages foreseeably resulted from Plaintiffs' own intentional, illegal, or otherwise wrongful conduct, Plaintiffs' own physical or mental condition, Plaintiffs' sole or contributory negligence or assumption of the risk, or the conduct of a person or entity other than the District.

**NINTH DEFENSE**

The equitable and declaratory relief requested by Plaintiffs exceeds the scope of Plaintiffs' claims.

**TENTH DEFENSE**

Because Plaintiffs have alleged no adequate concrete injury, traceable to the District and remediable by this Court, Plaintiffs lack standing to maintain this action, and it should be

dismissed.

**ELEVENTH DEFENSE**

Plaintiffs have not suffered any monetary or financial loss for which they can assert a claim for compensatory or other damages. Alternatively, Plaintiffs failed to mitigate their alleged damages.

**TWELFTH DEFENSE**

The Complaint fails to allege sufficient facts to establish municipal liability under 42 U.S.C. § 1983.

**THIRTEENTH DEFENSE**

Attorney's fees and costs are not recoverable against the District in this case.

* * *

**SET OFF**

The District is entitled to a set off for any funds paid to Plaintiffs from public sources.

* * *

**ANSWER TO PLAINTIFFS' COMPLAINT**

The District responds to the individually numbered paragraphs of Plaintiffs' Complaint below. To the extent any allegation in the Complaint is not specifically admitted, the District denies it. Further, references by the District to materials cited in the Complaint are not to be construed as admissions that the materials are correctly cited, quoted, or characterized by Plaintiffs; or that the materials are admissible or relevant to this action. Except where expressly stated otherwise below, the District denies Plaintiffs' characterizations of the referenced materials and preserves all objections as to relevance and admissibility.

## SECOND AMENDED COMPLAINT FOR DAMAGES*

## INTRODUCTION

1. Denied.

2. Denied.

3. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

## JURISDICTION AND VENUE

4. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

5. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

6. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

## PARTIES

7. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

8. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

9. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

10. The District admits that the District of Columbia is a municipal corporation, but

---

* Headings correspond to the Complaint and are provided to assist the Court in reviewing the Answer. The District denies all statements in the headings. Any errors in the headings are Plaintiffs' own.

lacks information sufficient to admit or deny that it "operates and governs" MPD because it is unclear what is meant by that allegation. The District admits that MPD is an agency of the District. The remainder of this paragraph consists of legal conclusions. To the extent a response is required, the District admits that it has employees, but lacks information sufficient to admit or deny whether the actions of those employees alluded to in this paragraph are attributable to the District.

## FACTUAL ALLEGATIONS

### The District of Columbia Bans MPD Use of Chemical Irritants and Less-Lethal Projectiles

11. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

12. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

13. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

14. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

15. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

16. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

17. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

**The August 29, 2020 Attack**

18. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

19. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

20. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

21. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

22. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

23. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

24. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

25. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

26. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

27. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

28. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

29. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

30. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

31. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

*Officers' Unlawful Use of Chemical Irritants Injures Mr. Dozier*

32. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

33. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

34. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

35. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

36. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

37. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

38. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

39. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

40. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

41. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

42. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

43. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

44. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

45. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

46. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

*Officer's Unlawful Use of Chemical Irritants Injures Mr. Asinor*

47. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

48. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

49. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

50. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

51. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

52. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

53. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

54. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

55. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

56. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

57. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

58. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

*Officer's Unlawful Use of Less-Lethal Projectiles Against Plaintiffs*

59. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

60. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

61. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

62. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

63. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

64. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

65. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

66. The allegations in this paragraph concern claims that have been dismissed; therefore, no response is required.

**The District's Custom of Unlawfully Retaining Arrestees' Cell Phones and Its Application to Mr. Asinor**

*The District Seizes Mr. Asinor's Property and Unlawfully Retains It*

67. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

68. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

69. The District admits that Asinor was arrested, but denies that MPD lacked probable cause to arrest him.

70. The District admits that property was seized from Asinor incident to his arrest.

71. The District admits that Asinor was released on August 31, 2020, but lacks information sufficient to admit or deny what Asinor was allegedly informed.

72. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

73. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

74. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

75. The District admits that Asinor retrieved his property on August 3, 2021, but otherwise lacks sufficient information to admit or deny the factual allegations in this paragraph.

76. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

77. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

78. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

79. This paragraph references MPD Special Order 15-08. The referenced document is the best evidence of its content and the District denies all other characterizations.

80. The District admits that MPD has access to technology through Cellebrite that facilitates its ability to obtain data stored on a cellphone. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

*The District's Custom of Unlawfully Retaining Arrestees' Cell Phones*

81. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

82. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

83. This paragraph consists of legal conclusions. To the extent a response is required,

the District denies the allegations in this paragraph.

a. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

b. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

c. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

d. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

e. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

f. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

g. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

h. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

i. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

    i. The District denies that Basillas was arrested by MPD in 2017 and also denies that MPD seized any of Basillas's property incident to that alleged arrest.

    ii. The District denies that Ambruster was arrested by MPD in 2017

and also denies that MPD seized any of Ambruster's property incident to that alleged arrest.

j. The District denies that Basillas was arrested by MPD in 2018 and also denies that MPD seized any of Basillas's property incident to that alleged arrest.

84. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

85. The first sentence of this paragraph consists of a legal conclusion. To the extent a response is required, the District denies that allegation. The remainder of the paragraph purports to summarize an Office of Police Complaints report and a magazine article. The referenced documents are the best evidence of their content and the District denies all other characterizations.

86. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

87. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

**The District's Failure To Provide a Constitutionally Sufficient Process for No-Papered Arrestees to Reacquire Seized Cell Phones**

88. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

89. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

90. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

91. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

92. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

**Plaintiffs' Injuries**

93. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

94. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

95. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

96. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

97. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

98. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

99. The District lacks sufficient information to admit or deny the factual allegations in this paragraph.

**Compliance with D.C. Code § 12-309**

100. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

101. The District admits that counsel for Plaintiffs submitted a document to the District's Office of Risk Management on or around February 25, 2021. That submission is the best evidence of its content and the District denies all other characterizations.

102. The District admits that counsel for Plaintiffs submitted a document to the District's Office of Risk Management on or around February 25, 2021. That submission is the best evidence of its content and the District denies all other characterizations.

103. Admitted.

## CLAIMS FOR RELIEF

### Claim 1: Negligence per se / First Amendment Assemblies Act – unlawful use of chemical irritants; unlawful use of less-lethal projectiles (Plaintiffs Asinor and Dozier against Defendants District of Columbia, Glover, Caldwell, and Officers John Doe 1–3)

104. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

105. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

106. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

107. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

108. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

109. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

110. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

111. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

**Claim 2: First Amendment Assemblies Act – unlawful use of chemical irritants; unlawful use of less-lethal projectiles**
**(Plaintiffs Asinor and Dozier against Defendants District of Columbia, Glover, Caldwell, and Officers John Doe 1–3)**

112. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

113. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

114. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

115. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

116. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

117. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

118. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

119. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

**Claim 3: Assault and battery**
**(Plaintiffs Asinor and Dozier against Defendants District of Columbia, Glover, and Caldwell)**

120. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

121. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

122. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

123. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

124. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

125. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

126. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

127. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

**Claim 4: Fourth Amendment / 42 U.S.C. § 1983 – unreasonable seizure**
**(Plaintiff Asinor against Defendant District of Columbia)**

128. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

129. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

130. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

**Claim 5: Fifth Amendment / 42 U.S.C. § 1983 – due process violation**
**(Plaintiff Asinor against Defendant District of Columbia)**

131. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

132. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

133. The allegations in this paragraph concern a claim that has been dismissed; therefore, no response is required.

**Claim 6: Conversion**
**(Plaintiff Asinor against Defendant District of Columbia)**

134. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

135. This paragraph consists of legal conclusions. To the extent a response is required, the District denies the allegations in this paragraph.

**PRAYER FOR RELIEF**

(a) The District denies that Plaintiffs are entitled to the relief requested in this paragraph or any other relief.

(b) The District denies that Plaintiffs are entitled to the relief requested in this paragraph or any other relief.

(c) The District denies that Plaintiffs are entitled to the relief requested in this paragraph or any other relief.

(d) The District denies that Plaintiffs are entitled to the relief requested in this paragraph or any other relief.

(e) The District denies that Plaintiffs are entitled to the relief requested in this paragraph or any other relief.

**JURY DEMAND**

The District demands a trial by jury on all issues so triable by the highest number of jurors available under law.

Date: November 12, 2026.

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Richard P. Sobiecki*
RICHARD P. SOBIECKI [500163]
HELEN M. RAVE [90005124]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 805-7512
Email: richard.sobiecki@dc.gov

*Counsel for Defendants*